UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>KATHY NELSON,<br><br>              Defendant. | 2:10-CR-026 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Kathy Nelson's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. #57).

On August 6, 2010, defendant Nelson entered a guilty plea (doc. #22) without the benefit of a plea agreement to count one of the indictment charging her with escape, in violation of 18 U.S.C. § 751(a). (Doc. # 27). On January 21, 2011, she was sentenced to fifteen (15) months custody to be followed by three (3) years of supervised release. (Doc. #35). After defendant Nelson improperly filed a *pro se* motion to correct sentence (doc. #36), a notice of appeal (doc. #38), a motion for appointment of counsel (doc. #40), and a motion to vacate (doc. #45), the court struck the motions accordingly. (Doc. #46). Subsequently, defendant Nelson filed another *pro se* motion to vacate (doc. #50), which was denied by the court (doc. #53) due to the fact that she was still represented by counsel.

After the court granted her counsel's motion to withdraw (doc. #51 and #55) and her motion to terminate counsel (doc. #54 and #56), she filed the present motion to vacate (doc. #57). In the

**James C. Mahan**
**U.S. District Judge**

1  motion, defendant claims that the incorrect guidelines were used to sentence her, and requests that
2  this court recalculate her sentence. (Doc. #57). Specifically, in her attached documents, she contends
3  that under the sentencing guidelines of §2P1.1(b)(3) she would be eligible for a four-level reduction.
4  Pursuant to this subsection, "[i]f the defendant escaped from the non-secure custody of a community
5  corrections center, community treatment center, "halfway house," or similar facility," the court
6  should "decrease the offense level under subsection (a)(1) by 4 levels..."

7  At sentencing, the court calculated the base offense level to be 13, and applied a two-level
8  reduction for acceptance of responsibility, making an adjusted offense level of 11. The defendant's
9  total criminal history points were 6, as two points were added because the instant offense was
10 committed while the defendant was under a criminal justice sentence, and an additional one point
11 was added because the instant offense was committed less than two years after the defendant's
12 release from custody. Based on a total offense level of 11 and a criminal history category of roman
13 numeral three, defendant Nelson was sentenced to 15 months custody.

14 The relevant conduct surrounding defendant Nelson's guilty plea includes; (1) she was
15 "lawfully imprisoned and confined at the direction of the Attorney General...arising from her April
16 16, 2009, felony convictions for the commission of [w]ire [f]raud;" (2) she was in the custody of the
17 Federal Bureau of Prisons in a correctional facility in Seattle Washington; (3) she was directed to
18 travel from Washington to Nevada to be housed for the remainder of her custodial term; (4) she was
19 released from custody, unescorted, provided with ground transportation, and given the instructions
20 to report to the Las Vegas Community Corrections Center before December 10, 2009; and (5) she
21 failed to report to the community center and fled to Mexico.  (Doc. #22).

22 Defendant Nelson contends that since she escaped after she was released into the community
23 and while she was traveling, unescorted, to the community center, she actually escaped from "non-
24 secure custody" which is defined by §2P1.1(b)(3) as "custody with no significant physical restraint."
25 For example, §2P1.1 would apply when a "defendant failed to return to any institution from a pass
26 of unescorted furlough." Commentary to §2P1.1.

27 Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

file a motion under this section if she seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. Further, section (4)(b) states that "if the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time." 28 U.S.C. § 2255(4)(b).

As defendant Nelson plead guilty without the benefit of a plea agreement, she retained all of her appellate rights, including those under § 2255. Section 2255 "confers upon the district court a broad and flexible power," and following a proper motion, the court has "discretion to adjust a defendant's sentence so that her punishment reflects accurately the offense for which she is convicted." *United States v. Handa,* 122 F.3d 690, 691 (9th Cir. 1997) (citation omitted), *cert denied,* 118 S.Ct. (1998);*United States v. Durham*, 168 F.3d 502 (9th Cir. (Cal.) Feb 03, 1999).

Upon review of the motion to vacate (doc. #57), it appears that there is a possible issue with the sentencing guidelines used, and that the sentence is subject to collateral review. Therefore, the government is ordered to file a response to the motion to vacate.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the government file an answer, motion, or other response to defendant Kathy Nelson's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #57) within thirty (30) days from the date of this order.

DATED June 28, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -