UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHY NELSON,<br><br>Defendant. | 2:10-CR-026 JCM (RJJ) |

**ORDER**

Presently before the court is defendant Kathy Nelson's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. #57). The government filed an opposition. (Doc. #59). Kathy Nelson filed a reply in support of her motion. (Doc. #60).

On January 19, 2010, Kathy Nelson was indicted before the grand jury for escape. Pursuant to the indictment (doc. #1), defendant Nelson "did knowingly escape from custody of the Las Vegas Community Corrections Center, a.k.a. Cornell Corrections, after designation by the Federal Bureau of Prisons to said institutional facility..." Following the indictment, on August 6, 2010, defendant Nelson entered a guilty plea (doc. #22) without the benefit of a plea agreement to count one of the indictment charging her with escape, in violation of 18 U.S.C. § 751(a). (Doc. # 27). On January 21, 2011, she was sentenced to fifteen (15) months custody to be followed by three (3) years of supervised release. (Doc. #35). Subsequently, defendant Nelson filed the present motion to vacate her sentence. (Doc. #57).

**James C. Mahan**
**U.S. District Judge**

**Motion To Vacate**

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if she seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.

In the present motion to vacate (doc. #57), defendant Nelson claims that the incorrect guidelines were used to sentence her, and requests that this court recalculate her sentence. (Doc. #57). Specifically, in her attached documents, she contends that under the sentencing guidelines of §2P1.1(b)(3) she would be eligible for a four-level reduction. Pursuant to this subsection, "[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house,' or similar facility," the court should "decrease the offense level under subsection (a)(1) by 4 levels..."

Defendant Nelson contends that since she escaped after she was released into the community and while she was traveling, unescorted, to the community center, she actually escaped from "non-secure custody." The term "non-secure custody" is defined by §2P1.1(b)(3) as "custody with no significant physical restraint." For example, §2P1.1 would apply when a "defendant failed to return to any institution from a pass of unescorted furlough." Commentary to §2P1.1 Defendant's total offense level at the time of sentencing was 11 and her criminal history category was roman numeral three. Therefore, defendant Nelson was sentenced to 15 months custody. She contends that this calculation was in error, and that with the 4-level reduction, her total offense level should be 7. This would result in a guideline range of 0-6 months in custody.

Upon reviewing defendant Nelson's motion (doc. #57), the court ordered (doc. #58) the government to file a response pursuant to 28 U.S.C. § 2255(4)(b).  In the government's opposition (doc. #59), it asserts that vacating and resentencing are not warranted because (1) the defendant could have, yet failed to, raise the argument on a direct appeal, and (2) that Nelson could not have escaped from the halfway house, because she never actually reported there.

**James C. Mahan**
**U.S. District Judge**

- 2 -

### A. Failure To File An Appeal

"[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); see also *Withrow v. Williams*, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring) ("[A] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim. If the claim was . . . not raised [on direct appeal], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations.") (emphases added) (citing *United States v. Frady*, 456 U.S. 152 (1982).

Here, the government contends that since defendant Nelson failed to file a direct appeal in this case, she is barred from raising her claim on collateral attack. It argues that she "makes no attempt to show cause and prejudice," and that "[n]othing prohibited her from [filing a direct appeal]." Thus, it concludes, she has procedurally defaulted on her claim, and her § 2255 motion must be denied. The court disagrees.

Upon review of defendant Nelson's reply (doc. # 60) and the court's docket it this case, it appears that she was in fact prevented from filing her direct appeal and would be prejudiced by the denial of the motion due to the procedural default. In her reply, plaintiff contends that she did file a notice of appeal (doc. #38), that she "verbally informed [attorney] James Hartsell before leaving the court room...after sentencing [that] she wanted to appeal the sentence, and that she sent "written notice [to him] requesting to appeal."

Plaintiff was sentenced on January 21, 2011 (doc. #35). Thereafter, she asserts that she tried to get her attorney to file an appeal. Her attorney allegedly did not respond, so within 14 days from that date, she filed, *pro se,* a motion to correct sentence (doc. #36), a notice of appeal (doc. #38), and a motion for appointment of counsel for appeal (doc. #40). She contends that she filed her notice of appeal to "ensure [that her] right to appeal would not be lost." Subsequently, the court entered an order striking her *pro se* filings (doc. #46), because she was not permitted to file *pro se* motions while still being represented by counsel. On February 28, 2011, when the court struck defendant Nelson's notice of appeal (doc. #38), the 14 days in which to file an appeal had long passed.

1    The court finds that the defendant has shown cause to permit collateral review of her claim, because (1) she provided evidence that she was in fact prohibited from filing an appeal by her attorney, as he refused to do so or to contact her back, and (2) due to her attorney's failure, she attempted to file a *pro se* direct appeal that was later stricken by the court. Further, the court holds that the defendant would be prejudiced if she were not able to have her claim reviewed. Thus, the court will review her § 2255 motion to vacate below.

### B.    Application of §2P1.1(b)(3)

The second argument the government makes with regards to the defendant's motion, is that "she did not escape from the custody of a halfway house or similar facility, and the reduction in U.S.S.G. § 2P1.1(b)(3) therefore does not apply." (Doc. #59). As stated above, that subsection applies "if the defendant escaped from the non-secure custody of a community corrections center, community treatment center, 'halfway house' or similar facility..." U.S.S.G. § 2P1.1(b)(3)**.** Further, the Ninth Circuit has explained that the subsection's application is "limited" to the facilities listed therein. *United States v. McGann*, 960 F.2d 846, 847 (9th Cir. 1992). Throughout the government's opposition (doc. #59), it repeatedly states that defendant Nelson "never reported to the halfway house," "was not in the non-secure custody of a facility like a community corrections center, community treatment center, or halfway house," and that she therefore could not have escaped from it.

However, as defendant Nelson argues in her reply (doc. #60), the government's position directly contradicts the indictment in this case against the defendant. The indictment (doc. #1) clearly states that she "did knowingly escape from custody of the Las Vegas Community Corrections Center, a.k.a. Cornell Corrections." Thus, according to the indictment, she did in fact escape from a "community corrections center" as outlined by U.S.S.G. § 2P1.1(b)(3) and enumerated by the Ninth Circuit. *McGann*, 960 F.2d 846, 847. Therefore, her sentence does not comport with the indictment against her.

In sentencing, the court should apply the guidelines that "correspond[] with the underlying substantive offense," and that comport with the crime charged in the indictment or information. *See*

James C. Mahan
U.S. District Judge

- 4 -

1    *U.S. v. Takahashi,* 205 F.3d 1161, 1167 (9th Cir. 2000). Therefore, the four-level reduction pursuant

2    to U.S.S.G. § 2P1.1(b)(3) should apply to the defendant's offense level.

3        Accordingly,

4        IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Kathy Nelson's

5    motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #57) be, and the same hereby is, GRANTED.

6        IT IS FURTHER ORDERED that plaintiff be re-sentenced applying the four-level reduction

7    provided for in U.S.S.G. § 2P1.1(b)(3).

8        IT IS FURTHER ORDERED that a hearing for the re-sentencing of defendant Kathy Nelson

9    be held on August 3, 2011, at 10:00 a.m.

10        DATED July 20, 2011.

                                   */s/ James C. Mahan*
                                   **UNITED STATES DISTRICT JUDGE**